```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

J. M. SMITH CORPORATION                    CIVIL ACTION
d/b/a SMITH DRUG COMPANY

VERSUS                                     NO: 14-2580

CIOLINO PHARMACY WHOLESALE                 SECTION: "A" (5)
DISTRIBUTORS, LLC, ET AL.
```

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss for Failure to State a Claim upon which Relief May be Granted (Rec. Doc. 16)** filed by defendants Ciolino Pharmacy Wholesale Distributors, LLC, Ciolino Pharmacy, Inc., C's Discount Pharmacy, Inc., Fast Access Specialty Therapeutics, LLC, JJK Wholesale Distributors, LLC, Steven F. Ciolino, and Gregory M. Johns.  Plaintiff JM Smith Corporation d/b/a Smith Drug Company opposes the motion.  The motion, set for submission on January 28, 2015, is before the Court on the briefs without oral argument.[1]

### I. BACKGROUND

Plaintiff J.M. Smith Corporation ("Smith") filed this Complaint on November 12, 2014 seeking to recover amounts awarded in a judgment obtained in a prior related action.  That prior action, *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale*

---

[1] The Court declines the request for oral argument as it finds it would be unnecessary to decide the issues before it.

1

*Distributors, LLC, et al., No. 10-1483 c/w no. 10-1786*, commenced in 2010 as an open account claim by Smith against Ciolino Pharmacy Wholesale Distributors, LLC (referred to, along with its other related business entities, collectively as "Ciolino") based on transactions in November and December of 2009. In response to the initiation of that action, Ciolino filed breach of contract and other counterclaims against Smith. That matter was tried to a jury over a four day period beginning on November 11, 2013. The jury returned a verdict on November 15, 2013 awarding Smith $654,336.51 against CPWD on its open account claim and denying all of Ciolino's counterclaims. The Court subsequently entered a judgment on December 5, 2013. After additional briefing, on August 22, 2014, the Court ordered that Smith be awarded $260,000.00 in attorneys' fees and $71,600.00 in costs related to the prosecution of its open account claim.

In the present lawsuit, involving the same parties with the one new addition of Gregory M. Johns as a defendant, Smith seeks to recover the entirety of the amount owed from the previous related litigation. Smith alleges that, beginning in November 2009, Ciolino Pharmacy Wholesale Distributors, LLC ("CPWD"), via Steven F. Ciolino, started to divert its funds to other entities and individuals, including into the personal accounts of Steven F. Ciolino and other named defendants, for no "meaningful consideration," thus causing or resulting in the increased

2

insolvency of CPWD. (Rec. Doc. 1, Comp. at §§ 20, 23-26). Smith also claims that CPWD "transferred [the] pharmaceuticals [obtained in November and December of 2009] "to JJK Wholesale Distributors, LLC and possibly the Ciolino [e]ntities." *Id.* at §21. Smith contends that these actions were undertaken by CPWD "to shield itself from judgment and to prevent Plaintiff from recovering amounts owed since November 2009." *Id.* at §26. Furthermore, Smith argues that Steven F. Ciolino (who allegedly has at least an ownership interest in all defendant entities) and Gregory M. Johns (who allegedly has a fifty percent ownership interest in JJK Wholesale Distributors, LLC) have operated these entities as their alter-egos. *Id.* at §§ 28-34. Based on these allegations, Smith seeks to annul any transactions increasing CPWD's insolvency via a revocatory action, pierce the corporate veil to hold Steven F. Ciolino and Gregory M. Johns personally liable on the amounts awarded, recover damages via a theory of unjust enrichment, and have the subject transactions declared as absolute or relative simulations. *Id.* at §§ 35-60.

Ciolino filed the present motion seeking to dismiss Smith's Complaint in its entirety. First, Ciolino argues that the doctrine of res judicata applies here to bar all of Smith's claims. Second, Ciolino argues that prescription or peremption bars all of Smith's claims other than unjust enrichment. Third, Ciolino argues that Smith has failed to fulfill the pleading requirements of F.R.C.P.

8 under the standard as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II. ANALYSIS

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

**a. Procedural Argument**

In opposing the present motion, Smith responds to the substantive grounds raised by Ciolino but first argues that the Court should deny the motion "as it improperly relies upon matters outside the pleadings to support its substantive legal arguments." (Rec. Doc. 19, Opposition at 7).

Based on its rulings, *infra*, the Court finds no need to address this argument.

**b. Res Judicata and Prescription**

Ciolino argues that this matter should be dismissed on grounds of res judicata. Ciolino summarizes this argument as follows:

> All of the claims urged against CPWD and [Steven] Ciolino personally are variant theories of recovery on repeated factual allegations from the Prior Matter, and accordingly now subject to dismissal as res judicata. Similarly, all claims made against C's 1, C's 2, JJK, and FAST are based on

5

> allegations available during the Prior Matter due to the extensive discovery that was undertaken and therefore should be dismissed under the theory of res judicata or claim preclusion because they should have and could have been brought in the Prior Matter. All claims against Greg Johns should likewise be dismissed for the same reasons, as he was deposed in 2011 and was also a witness in the trial in the Prior Matter.

(Rec. Doc. 16-2, at 2-3). Ciolino contends that the res judicata bar applies to all claims that were or could have been brought in the prior action, and, according to Ciolino, as Smith alleges no claim arising out of facts occurring after the trial in November 2013, the Complaint should be dismissed in its entirety, or at least as to claims arising out of actions prior to the judgment in the original matter. *Id.* at 2, 13-14 ("Movers respectfully contend that all claims in the new Complaint should be dismissed pursuant to Rule 12(b)(6) because they are barred by the doctrine of res judicata.").

Ciolino also argues that the revocatory action, alter-ego theory, and simulation claims are all subject to a one year prescriptive period or a three year peremptive period. Ciolino claims that as these actions are based on events encompassed by

these time periods and of which Smith should have known, the claims are now barred. *Id.* at 2, 15-17.

Courts in this circuit are hesitant to dispose of cases at the dismissal stage on grounds of res judicata. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005) ("We do observe that generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense.") (citations omitted). Similarly, as to both res judicata and prescription, courts will not dismiss a complaint at this stage unless the necessity of doing so is apparent on the face of the pleadings. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.") (citations omitted); *Murry v. Gen. Srvcs. Admin.*, 553 F. Appx. 362, 364 (5th Cir. 2014) ("Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings.") (citations omitted).

The Court finds that it is not readily apparent on the face of the pleadings that Smith's claims should be dismissed on grounds of res judicata. The allegations extend to a broad range of time (*e.g.*, "CPWD also transferred funds into Steven F. Ciolino's personal bank account between 2009 and present . . . .") and

7

include transactions other than those related to the sales on open account (*e.g.*, "CPWD also transferred other funds and/or property to the other Ciolino Entities, Steven F. Ciolino personally, and to other unknown entities and/or individuals in an effort to prevent Plaintiff from executing a judgment against him."). (Rec. Doc. 1, at §§ 23-24). Smith also alleges that it did not learn of some of Ciolino's actions until the judgment debtor examination that took place on November 5, 2014. *Id.* at §27. Based on these allegations, the Court will not dismiss this litigation on the basis of res judicata or prescription at this early juncture.[2]

Although not central to its ruling today, the Court also notes Smith's broader argument that even those parts of the claims relating to actions occurring as early as 2009 would not be barred by the doctrine of res judicata.

The following four elements must be met for res judicata to apply: (1) The parties in the instant action must be the same as or in privity with the parties in the prior action in question; (2) the court that rendered the judgment must have been a court of competent jurisdiction; (3) the prior action must have terminated with a final judgment on the merits; and, (4) the same claim or cause of action must be involved in both suits. *Gulf Island-IV,*

---

[2] It appears that Ciolino might have valid concerns with Smith's allegations. However, the parties, and the Court, will be in a better position to address these arguments after further development of the case.

*Inc. v. Blue Streak-Gulf Is Ops*, 24 F.3d 743, 746 (5th Cir. 1994) (citing *United States v. Shanabaum*, 10 F.3d 305, 310 (5th Cir. 1994)).

This fourth element is analyzed under the "transactional test," which considers whether the two actions are "based on the same 'nucleus of operative facts.'" *In re Ark-La-Tex Timber Co., Inc.* 482 F.3d 319, 330 (5th Cir. 2007) (citing *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992)). Thus, the bar of res judicata is not limited only to those claims which were previously brought, but also those claims that "*could have been* advanced in support of the cause of action on the occasion of its former adjudication." *Nilsen v. City of Moss Point, MS.*, 701 F.2d 556, 560 (5th Cir. 1983) (emphasis in original).

In *New Orleans Jazz and Heritage Foundation, Inc. v. Kirksey*, the Louisiana Fourth Circuit Court of Appeals reviewed a case in which petitioners obtained a judgment against defendant corporation on June 5, 2009 due to defendant's failure to satisfy debts. 104 So.3d 714, 716 (La. App. 4 Cir. 2012). Petitioners then filed another action in 2011 against the defendant corporation's sole shareholder to enforce the judgment (after appeal) upon discovering "[d]isparities between [defendant corporation's] revenue in 2008 and its apparent financial state in 2009" that suggested that the defendant corporation "was avoiding its obligation as a Judgment Debtor to the [petitioner] by hiding behind [the sole

shareholder]." *Id.* The shareholder then filed an exception of res judicata, which the district court granted, arguing that this issue had already been litigated in the earlier lawsuit when the district court found that he was not personally liable for the debts of the corporation. *Id.* at 718.

The Louisiana appellate court applied both claim preclusion and collateral estoppel in its analysis.[3] *New Orleans Jazz and Heritage Foundation, Inc.*, 104 So.3d at 718-19. As to issue preclusion, it found that the alter-ego theory was not actually previously litigated nor necessary to the court's holding in the prior matter. *Id.* at 719. As to claim preclusion, the court held that "[this] matter . . . pertains to [defendant corporation's] default on and failure to pay court-ordered judgment, which did not arise out of the initial suit pertaining to the misappropriations of the [petitioner's] funds . . ., [and thus] [t]he issues and queries in the second suit differ from that of the first suit." *Id.* at 718-19.[4]

---

[3] Louisiana law regarding res judicata, like federal law, includes both concepts. *See* La. R.S. § 13:4231; *Stroscher v. Stroscher*, 845 So. 2d 518, 525 (La. App. 1 Cir. 2003).

[4] Although neither relying on it in its present opinion nor finding whether it would be relevant here, the Court also recognizes that there is a line of precedent stating that the doctrine of res judicata will not bar a claim seeking to enforce a judgment based on piercing the corporate veil in certain scenarios, such as where the plaintiff was not aware of facts suggesting the necessity of bringing such a claim at the time of filing his original lawsuit. *See, e.g.*, *JNS Aviation, Inc. v. Nick Corp.*, 418 B.R. 898, 910 (N.D. Tx. 2009); *Romag Fasteners, Inc. v. Bauer*, no. 11-3181, 2011 WL 5513380, at *7 (S.D. N.Y. 2011).

There is no question that at least several of the allegations in the present action are temporally related to the original action. Smith's Complaint very plainly claims that many of the alleged actions began in November 2009. However, the core focus must remain on the nucleus of operative facts. Those facts in the original lawsuit pertained to the performances and liabilities of the parties under the original contract. Here, there is an argument that the operative facts, as the Court appreciates it at this early juncture, is what actions Defendants were taking after Smith's rights arose against them. In such a situation, it would appear that the differing issues and queries could lead to a conclusion that the two actions do not stem from the same common nucleus of operative facts.

## c. Defective Pleadings

Ciolino contends that the only specific facts in the Complaint are drawn from the prior action, and that Smith "has failed to plead any particular facts in support of its new theories of recovery, but has rather pled conclusory allegations that amount to mere recitals of causes of action and their essential elements . . . ." (Rec. Doc. 16-2, at 19). Thus, Ciolino argues, the claims fail to meet the *Twombly / Iqbal* standard of pleading. Ciolino also argues that "[i]n a case based on a contract, fraud is an essential element of an alter-ego finding." (Rec. Doc. 16-2, at 17). As such, pursuant to F.R.C.P. 9(b), Ciolino states that Smith

must plead fraud with particularity and that Smith has failed to do so here.

Smith responds that it has sufficiently pleaded its causes of actions to satisfy the *Twombly / Iqbal* standard. Furthermore, Smith disputes the claim that fraud is an essential element of a claim in this context. In the alternative, Smith asks for leave to amend its Complaint.

Smith's arguments come perilously close to presenting little more than a repeating of the elements of the various causes of action. Nonetheless, the Court recognizes the low threshold set forth in F.R.C.P. 8(a). In addition, contrary to Ciolino's contentions, the Court finds in this context that the phrase "upon information and belief" does not somehow preclude Smith's statements from being factual *allegations*. Finally, the Court briefly notes that, even in an action to pierce the corporate veil based on contract, fraud is not an essential element.[5] *Hollowell v. Orleans Regional Hosp. LLC*, 217 F.3d 379, 386 (5th Cir. 2000) ("Even if the defendants are correct that a WARN action is most akin to a contract action, they are mistaken that Louisiana law requires a finding of fraud in order to pierce the corporate veil in a contract action."). Instead, although a plaintiff pursuing such an action will ultimately bear a "heavy burden of proof on

---

[5] As the Court finds the fraud contention not central to this decision, it does not today decide on the appropriate characterization of this action (*e.g.*, based on contract, tort, etc.).

such a claim," the courts will still take into account a "totality of the circumstances test." *Id.* (citations omitted).

In short, while the Complaint is sparse on facts, the Court finds that dismissal is not warranted at this point. Whether or not Smith can produce sufficient facts to support these claims will be the province of a motion for summary judgment later in the proceedings or of eventual disposition on the merits.[6]

**d. Unjust Enrichment**

Ciolino argues that the claim for unjust enrichment should also be dismissed as a matter of law as it is a subsidiary remedy, and the law has already provided a remedy in the form of an action on open account. Smith has not responded to this argument.

Unjust enrichment provides that one shall be compensated where another has been enriched without cause at his expense. La. C.C. art. 2298. The Civil Code article states that "[t]he remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule."

In addition to the claim for unjust enrichment, Plaintiffs have also brought claims for violations of "Louisiana Corporation

---

[6] The Court will entertain a motion filed by Ciolino asking for interrogatories in excess of the normal amount under F.R.C.P. 33 as they might have to seek through discovery additional details that would have otherwise been included in the Complaint. *See Scarborough v. Ammari of Louisiana, Ltd.*, no. 13-6196, 2014 WL 1154379 at *2, n.1 (E.D. La. March 21, 2014).

and Limited Liability Company Law," a revocatory action, and a simulation action.  The relief requested through the Civil Code articles providing the revocatory and simulation actions is to have any diverted funds or property returned to CPWD so that Smith might execute its judgment.  (Rec. Doc. 1, at 7-8, 11).  Similarly, an unjust enrichment claim provides for the equitable remedy that "[t]he amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less."  La. C.C. art. 2298.

As the Court finds the remedies sought essentially duplicative, the subsidiary nature of the unjust enrichment action requires its dismissal in this case.

### III. CONCLUSION

The Court finds that Ciolino's motion should be granted insofar as Smith's claim for unjust enrichment is dismissed. However, the Court denies the motion as to Smith's remaining claims.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim upon which Relief May be Granted (Rec. Doc. 16)** filed by defendants Ciolino Pharmacy Wholesale Distributors, LLC, Ciolino Pharmacy, Inc., C's Discount Pharmacy, Inc., Fast Access Specialty Therapeutics, LLC, JJK Wholesale Distributors, LLC, Steven F. Ciolino, and Gregory M. Johns is **GRANTED in part** and **DENIED in**

**part**. It is **GRANTED** insofar as the claim for unjust enrichment is **DISMISSED**. It is **DENIED** in all other respects.

May 18, 2015

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE