UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

J.M. SMITH CORPORATION                                CIVIL ACTION

VERSUS                                                NO. 14-2580

CIOLINO PHARMACY WHOLESALE DISTRIBUTORS,              SECTION A(5)
L.L.C., ET AL.

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 42)** and a **Motion for Appeal/Review of Magistrate Judge Decision (Rec. Doc. 63)** filed by Defendants. Plaintiff opposes the motions. The motions, submitted to the Court on August 12, 2015, and September 9, 2015, respectively, are before the Court on the briefs without oral argument.

**I.     BACKGROUND**

Plaintiff J.M. Smith Corporation ("Smith") filed suit on November 12, 2014, seeking to recover amounts awarded in a judgment obtained in a prior related action. The prior action began in 2010 as an open account claim by Smith against Ciolino Pharmacy Wholesale Distributors, LLC ("CPWD") based on transactions in November and December of 2009. In response to the initiation of that action, CPWD and its related entities filed breach of contract and other counterclaims against Smith. After a four-day trial beginning on November 11, 2013, a jury returned a verdict on November 15, 2013, awarding Smith $654,336.51 against CPWD on its open account claim and denying all of the counterclaims. The Court subsequently entered a judgment on December 5, 2013. After additional briefing, on August 22, 2014, the Court ordered

that Smith be awarded $260,000.00 in attorneys' fees and $71,600.00 in costs related to the prosecution of its open account claim.

In the present lawsuit, involving the same parties with the one new addition of Gregory M. Johns as a defendant, Smith seeks to recover the entirety of the amount owed from the previous related litigation. Smith alleges that, beginning in November 2009, CPWD, via Steven F. Ciolino, started to divert its funds to other entities and individuals, including into the personal accounts of Steven F. Ciolino and other named defendants, for no "meaningful consideration," thus causing or resulting in the increased insolvency of CPWD. (Rec. Doc. 1, Compl. at ¶¶ 20, 23–26). Smith also claims that CPWD "transferred [the] pharmaceuticals [obtained in November and December of 2009] to JJK Wholesale Distributors, LLC and possibly the other Ciolino [e]ntities." *Id.* at ¶ 21. Smith contends that these actions were undertaken by CPWD "to shield itself from judgment and to prevent Plaintiff from recovering amounts owed since November 2009." *Id.* at ¶ 26. Furthermore, Smith argues that Steven F. Ciolino (who allegedly has at least an ownership interest in all defendant entities) and Gregory M. Johns (who allegedly has a fifty-percent ownership interest in JJK Wholesale Distributors, LLC) have operated these entities as their alter-egos. *Id.* at ¶¶ 28–34. Based on these allegations, Smith seeks to annul any transactions increasing CPWD's insolvency via a revocatory action, pierce the corporate veil to hold Steven F. Ciolino and Gregory M. Johns personally liable on the amounts awarded, and have the subject transactions declared as absolute or relative simulations. *Id.* at ¶¶ 35–60.

II. **THE MOTIONS**

This is the second Motion to Dismiss for Failure to State a Claim that Defendants have filed in this case. Defendants filed the first one (Rec. Doc. 16) in response to Plaintiff's original complaint. In that motion, Defendants asserted, among other arguments, that the pleadings were

defective. Defendants argued that the claims failed to meet the Twombly/Iqbal standard of pleading. Defendants further argued that Plaintiff must plead fraud as an essential element of an alter-ego finding in a case based on a contract and as such, pursuant to F.R.C.P. 9(b), Smith must plead fraud with particularity. Defendants argued that Smith failed to do so. The Court rejected this argument.

Defendants then filed the instant Motion to Dismiss after Plaintiff amended its complaint on July 17, 2015 (Rec. Doc. 40). Defendants argue that the amendments transform the causes of action in the original complaint into claims involving an element of fraud. Defendants assert that because the claims now involve fraud, they are subject to the heightened pleading requirements of F.R.C.P. 9(b), and because they fail to plead with sufficient particularity as required by Rule 9(b), Plaintiff's claims should be dismissed.

In the Motion for Appeal/Review of Magistrate Judge Decision, Defendants challenge Magistrate Judge Michael North's Order issued on August 5, 2015 (Rec. Doc. 55). The order denied Defendants' Motion for Protective Order (Rec. Doc. 43) and Motion to Quash *Subpoenas Duces Tecum* (Rec. Doc. 44). In these motions, Defendants argued that discovery should be stayed until Plaintiff can demonstrate that its fraud allegations satisfy the requirements of Rule 9(b).

Judge North held oral argument on these motions and asked Defendants about the underlying Motion to Dismiss – the motion to dismiss the amended complaint. Judge North reasoned that the Motion to Dismiss, which was the basis for Defendants' Motion for Protective Order and Motion to Quash, was "a second attack on the same complaint." He found that Plaintiff only added additional factual detail to its complaint and because of this found that the circumstances were not ripe at that point to stay discovery.

### III.    ANALYSIS

At oral argument on its motion for leave to amend its complaint, Plaintiff's counsel told Judge North that its amendment would not assert a fraud claim. (Rec. Doc. 65, at 7). Despite this, Defendants and Plaintiff have now submitted briefs on the instant Motion to Dismiss arguing about whether there is enough particularity in Plaintiff's amended complaint as required for a fraud claim. Because Plaintiff has stated that its amendment seeks not to add a cause of action for fraud but only to add clarity to its factual allegations, the Court finds it unnecessary to discuss whether Plaintiff has pleaded with particularity as required by Rule 9(b). The Court has already ruled on a Motion to Dismiss in this case and found the complaint sufficient, and Plaintiff has only added two paragraphs to the "Factual Allegations" section of its complaint since the Court's ruling. The Court rejects Defendants' argument that these paragraphs convert the causes of action here into causes of action relying on fraud and requiring more particularity; Defendants have not presented any authority that convinces the Court that this argument has merit.

Further, the Court has considered the Motion for Appeal/Review of Magistrate Judge Decision in light of Federal Rule of Civil Procedure 72(a). Under this rule, a district judge must consider timely objections and modify or set aside any part of a magistrate judge's order that is clearly erroneous or is contrary to law. The "clearly erroneous" standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The Eastern District has written that "[p]ursuant to this highly deferential standard of review, Magistrate Judges are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if it is determined that the Magistrate Judge has abused his discretion." *Giangrosso v. Certain Underwriters at Lloyds of*

*London*, 1995 WL 115817, at *1 (E.D. La. Mar. 16, 1995). The Court has considered Defendants' challenges and finds that Defendants have not met this high standard.

Accordingly and for the foregoing reasons;

**IT IS ORDERED** that Defendants' **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 42)** is **DENIED;**

**IT IS FURTHER ORDERED** that Defendants' **Motion for Appeal/Review of Magistrate Judge Decision** (**Rec. Doc. 63**) is **DENIED.**

October 23, 2015

```
                              _____
                              JUDGE JAY C. ZAINEY
                              UNITED STATES DISTRICT JUDGE
```